UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MARK C. FOXWORTH, et al., etc.,

                Plaintiffs,

- v -                                                      CV-05-3074 (NGG)(VVP)

JO ANNE B. BARNHART, Commissioner,

                Defendant.
------------------------------------------------------------------x
KIM BOXER,

                Plaintiff,

- v -                                                        CV-06-2116 (NGG)(VVP)

DR. MOHAMMED KHATTAK, et al.,

                Defendants.
------------------------------------------------------------------x

# **MEMORANDUM**

By letter dated April 3, 2008, counsel for the plaintiffs in these related actions seek the court's guidance concerning a potential conflict of interest stemming from their employment of an associate who is related to the principal of one of the defendants in the action entitled *Kim Boxer v. Dr. Mohammed Khattak, et al.*, CV-06-2116. Aside from noting the wisdom of disclosing the potential conflict to all parties, so that they may take whatever action they deem appropriate in the circumstances, the court is not in a position to provide guidance on ethical matters. The court entertains issues regarding ethical conflicts only as necessary to decide motions for disqualification, with "trial taint" serving as the abiding concern, leaving other matters of ethics to the "federal and state comprehensive disciplinary machinery." *European Cmty. v. RJR Nabisco, Inc.*, 134 F. Supp. 2d 297, 303 (E.D.N.Y. 2001) (Garaufis, J., Pohorelsky, Mag. J.) (quoting *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979)); *accord W. T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2nd Cir. 1976) ("The business of the court is to dispose

of litigation and not to act as a general overseer of the ethics of those who practice here unless the questioned behavior taints the trial of the cause before it."). Counsel must, of course, undertake their own study of applicable authorities to insure that they do not run afoul of ethical constraints. Absent a motion based on the standards for disqualification in the Second Circuit, however, the court must decline to review the matter.

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
April 8, 2008